Julia de Jesus **VILLA DURAN;**
et al., **Petitioners,**

v.

Alberto R. **GONZALES, Attorney**
**General, Respondent.**

No. 05–71091.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Julia de Jesus Villa Duran, Lakewood, CA, pro se.

Nicolas Mauricio Cadin Villa, Lakewood, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Nancy E. Friedman, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, McKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM **

Julia de Jesus Villa Duran and Nicolas Mauricio Cadin Villa are natives and citizens of Colombia. They petition pro se for review of the Board of Immigration Appeals' ("BIA") decision that summarily affirmed the ruling of an Immigration Judge ("IJ") denying their application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition in part, grant it in part, and remand for further proceedings.

Where, as here, the BIA summarily affirmed the IJ's opinion, this court reviews the IJ's opinion as the final agency decision. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). This court will affirm the IJ's decision if it is supported by reasonable evidence on the record considered as a whole, and may reverse only if the applicant shows that the

evidence *compels* the conclusion that the asylum decision was incorrect. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Villa Duran and Cadin Villa contend that the IJ erred by denying asylum. We disagree. Substantial evidence supports the IJ's conclusion that petitioners' encounters with the guerrillas were not on account of a political opinion, or membership in a particular social group. *See id.* at 481–84, 112 S.Ct. 812; *see also Sangha v. INS,* 103 F.3d 1482 (9th Cir.1997).

Because petitioners failed to satisfy the lower standard of proof for asylum, they necessarily failed to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

The IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the agency for further proceedings regarding voluntary departure.

**DENIED in part; GRANTED in part and REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.